# Supreme Court of Florida

_____

No. SC15-1226

_____

**IN RE:  AMENDMENTS TO RULES OF THE SUPREME COURT
RELATING TO ADMISSIONS TO THE BAR.**

[May 19, 2016]

PER CURIAM.

This matter is before the Court for consideration of amendments to the Rules

of the Supreme Court Relating to Admissions to the Bar (Bar Admissions Rules)

proposed by the Florida Board of Bar Examiners (Board).  See Fla. Bar Admiss. R.

1-12.  We have jurisdiction[1] and adopt the majority of the amendments as

proposed.  However, at this time, we reject, without prejudice, other proposed

amendments as noted.

## BACKGROUND

The Board filed a petition proposing amendments to Bar Admissions Rules

1-27 (Office Location); 2-30.2 (Filed with the Court); 3-10.1 (Essential Eligibility

_____

1.  See art. V, § 15, Fla. Const.

Requirements); 3-14.2 (Filed as a Registrant); 3-22.5 (Board Action Following an Investigative Hearing); 3-23.1 (Failure to File the Answer); 3-23.2 (Formal Hearing); 3-23.6 (Board Action Following Formal Hearing); 3-30 (Petition for Board Reconsideration); 3-40.1 (Dissatisfied with Board's Recommendation); 3-40.2 (Dissatisfied with Length of Board's Investigation); 4-14 (Dates of Administration); 4-22 (Part A); 4-42.4 (Cutoff for Test Accommodations); 4-43.2 ($625); 4-51.1 (Possession or Use of Unauthorized Materials or Equipment); 4-51.2 (Receipt of Unauthorized Aid); 4-51.3 (Observance of Examination Start/Stop Announcements); 4-62.1 (Impoundment of Examination Results); and 4-62.2 (Release of Impounded Examination Results). The Court published the proposals for comment. No comments were filed with the Court.

## AMENDMENTS

First, we reject at this time, without prejudice, the proposed amendments to rules 2-30.2 (Filed with the Court); 3-22.5 (Board Action Following an Investigative Hearing); 3-23.6 (Board Action Following Formal Hearing); 3-40.1 (Dissatisfied with Board's Recommendation); and 3-40.2 (Dissatisfied with Length of Board's Investigation). We decline to address those proposed amendments at this time.

A number of the proposed amendments to the Bar Admissions Rules we do adopt are technical or otherwise do not warrant discussion. The more significant amendments include the following changes.

Rule 3-10.1 (Essential Eligibility Requirements) is amended to clarify that applicants and registrants must demonstrate by their actions that they meet the Essential Eligibility Requirements for the practice of law. Also added to this rule is a requirement that applicants and registrants must demonstrate that they will be able to avoid acts that exhibit a disregard for the rights, safety, or welfare of others.

Rule 3-23.1 (Failure to File the Answer) is amended to provide that the failure to file an answer to Specifications constitutes a waiver of an applicant's right to a formal hearing before the Board.

Rule 3-30 (Petition for Board Reconsideration) is amended, as proposed, to provide that an applicant or registrant has 60 days from receipt of, as opposed to the date of, the Findings of Fact, Conclusions of Law, and Recommendation to file a petition for reconsideration. This change is consistent with the rule 3-40.1 60-day deadline for filing a petition for review of the Board's recommendation in this Court. Language also is added to rule 3-30 to provide applicants with a better understanding of how a petition for reconsideration will be handled by the Board and to clarify the responsibilities of each party. This amendment provides that the Office of General Counsel may file a response to the petition to address whether it

meets the threshold requirement of the rule that the petition "contain[] new and material evidence that by due diligence could not have been produced at the formal hearing." If the Board finds that the petition does not meet the threshold requirement, the Board will take no further action on the petition. If the Board determines the threshold requirement has been met, the Office of General Counsel will have 30 days to file a response to the evidence, and the applicant will have 30 days to file a reply. The amendment to rule 3-40.1 (Dissatisfied with Board's Recommendation) provides that an applicant or registrant has 60 days from receipt of notice of the determination that a petition for reconsideration does not meet the rule 3-30 criteria for reconsideration to petition this Court for review.

Rule 4-22 (Part A) is amended to list by subject matter, rather than by rule number, the areas of the Rules of Judicial Administration that can be tested on Part A of the General Bar Examination. "Minimization of the filing of sensitive information" is added to the areas under the Rules of Judicial Administration that may be tested.

In order to ensure the Board can timely process all requests for accommodations, rule 4-42.4 (Cutoff for Test Accommodations) is amended to require requests for test accommodations be received by the Board by a certain deadline, rather than postmarked by a deadline.

The amendment to rule 4-43.2 ($625) changes the deadline related to a late-filed application for the bar examination from when the application is postmarked to when the application is received by the Board. This amendment is intended to eliminate any ambiguity regarding an applicant's admission to the bar examination.

Accordingly, we amend the Rules of the Supreme Court Relating to Admissions to the Bar as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar

Gregory Alan Hearing, Chair, Daryl M. Manning, Past Chair, Michele A. Gavagni, Executive Director, and Robert G. Blythe, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

for Petitioner

# APPENDIX

# RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR

**1-27~~1-26~~ Office Location.** The office of the board will be maintained in Tallahassee, Florida.

**3-10.1 Essential Eligibility Requirements.** The board considers demonstration of the following attributes to be essential for all applicants and registrants seeking admission to The Florida Bar:

**(a) – (b)** **[No Change]**

**(c)** ability to and the likelihood that, in the practice of law, one will:

(1) [No Change]
(2) [No Change]
(3) [No Change]
(4) avoid acts that exhibit disregard for the rights, safety, or welfare of others,
~~(4)~~(5) avoid acts that are illegal, dishonest, fraudulent, or deceitful; and,
~~(5)~~(6) comply with the requirements of applicable state, local, and federal laws, rules, and regulations; any applicable order of a court or tribunal; and the Rules of Professional Conduct.

**3-14.2 Filed as a Registrant.** A registrant is required to file a complete and sworn Registrant Bar Application. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:

**(a)** **[No Change]**

**(b)** if the ~~applicant~~registrant received an undergraduate degree, then an official transcript from the institution that awarded the degree; and

**(c)** **[No Change]**

**3-23.1 Failure to File the Answer.** If an applicant or registrant fails to file an answer to the Specifications within the 20-day deadline or within any extension of time allowed by the board, the Specifications will be deemed admitted., and the failure to file an answer shall constitute a waiver of the applicant's right to a formal hearing before the board pursuant to rule 3-23.2. The board will enter Findings of Fact, finding the Specifications proven, and appropriate conclusions of law that may include a recommendation that the applicant not be admitted to The Florida Bar, or that the registrant has not established his or her qualifications as to character and fitness.

**3-23.2 Formal Hearing.** Except as provided in rule 3-23.1, Aany applicant or registrant who receives Specifications is entitled to a formal hearing before the board, representation by counsel at his or her own expense, disclosure by the Office of General Counsel of its witness and exhibit lists, cross-examination of witnesses, presentation of witnesses and exhibits on his or her own behalf, and access to the board's subpoena power. After receipt of the answer to Specifications, the board will provide notice of the dates and locations available for the scheduling of the formal hearing. Formal hearings are conducted before a panel of the board that will consist of not fewer than 5 members. The formal hearing panel will consist of members of the board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant or registrant. The weight to be given all testimony and exhibits received in evidence at a formal hearing must be considered and determined by the board. The board is not bound by technical rules of evidence at a formal hearing. A judgment of guilt to either a felony or misdemeanor will constitute conclusive proof of the criminal offense(s) charged. An order withholding adjudication of guilt of a charged felony will constitute conclusive proof of the criminal offense(s) charged. An order withholding adjudication of guilt of a charged misdemeanor will be admissible evidence of the criminal offense(s) charged. The admissibility of results of a polygraph examination will be in accordance with Florida law.

**3-30 Petition for Board Reconsideration.** Any applicant or registrant who is dissatisfied with the recommendation concerning his or her character and fitness may, within 60 days from receiptthe date of the Findings of Fact and Conclusions of Law, file with the board a petition for reconsideration with a fee of $165. The

petition must contain new and material evidence that by due diligence could not have been produced at the formal hearing. Evidence of rehabilitation as provided by rule 3-13 is not permitted in a petition for reconsideration. Only 1 petition for reconsideration may be filed.

The Office of General Counsel may file a response to the petition for reconsideration within 20 days after service to address whether the petition meets the threshold requirement of the rule, that it contains new and material evidence that by due diligence could not have been produced at the formal hearing. If it is found that the petition does not meet the threshold requirement of the rule, no further action will be taken on the petition by the board. If the petition is found to meet the threshold requirement of the rule, the Office of General Counsel will have 30 days from the date when such determination was made in which to file a response to the evidence submitted by the applicant. If the Office of General Counsel files a response, the applicant may serve a reply brief within 30 days after the service of the response.

**3-40.1 Dissatisfied with Board's Recommendation.** Any applicant or registrant who is dissatisfied with the recommendation concerning his or her character and fitness may petition the Supreme Court of Florida for review within 60 days from receipt of the Findings of Fact and Conclusions of Law, or within 60 days of receipt of notice of the board's action on a petition filed under rule 3-30, or within 60 days from receipt of notice of the determination that a petition filed under rule 3-30 does not meet the criteria of that rule for reconsideration. If not inconsistent with these rules, the Florida Rules of Appellate Procedure are applicable to all proceedings filed in the Supreme Court of Florida. A copy of the petition must be served on the executive director of the board. The applicant seeking review must serve an initial brief within 30 days of the filing of the petition. The board will have 30 days to serve an answer brief after the service of the applicant's initial brief. The applicant may serve a reply brief within 30 days after the service of the answer brief. At the time of the filing of the answer brief, the executive director will transmit the record of the formal hearing to the court.

**4-14 Dates of Administration**. The General Bar Examination will be administered on the last Tuesday and Wednesday of February and July of each calendar year. The Multistate Professional Responsibility Examination is

administered in March, August, and November of each year or on such other date as determined by the National Conference of Bar Examiners.

**4-22 Part A.** Part A will consist of 6 one-hour segments. One segment will include the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration ~~2.330, 2.420, 2.505 and 2.515~~. Questions on the Florida Rules of Judicial Administration will address only the following areas:  disqualification of trial judges; public access to judicial branch records; minimization of the filing of sensitive information; the qualifications, restrictions, and conditions pertaining to attorneys in their representation of clients in Florida courts; and the signature of attorneys and parties on pleadings and other papers. The remaining 5 segments, each of which will include no more than 3 subjects, will be selected from the following subjects including their equitable aspects:

**(a) - (o)**     **[No Change]**

**4-42.4 Cutoff for Test Accommodations.** To avoid an undue burden on the board while it is making final preparations for the administration of the bar examination, a minimum amount of time is required for the orderly processing of a request for accommodations. Except for emergency petitions as designated by the board, no request for test accommodations will be processed if ~~postmarked or~~ received after January 15 for the February examination or after June 15 for the July examination.

**4-43.2 $625.** If the Bar Application, Supplement to Registrant Bar Application, or Reexamination Application, as applicable, is ~~postmarked or~~ received after December 15 but on or before January 15 for the February examination or after June 1 but on or before June 15 for the July examination, the fee is $625. No Bar Application, Supplement to Registrant Bar Application, Reexamination Application, appropriate applicant filing fee, 2" x 2" photograph, or submission of fingerprints will be deemed to have met the late filing deadline if ~~postmarked~~received after January 15 for the February examination, or after June 15 for the July examination.

**4-51.1 Possession or Use of Unauthorized Materials or Equipment**. Applicants must not possess or use any book bags, backpacks, purses, wallets,

hat or baseball caps, notes, books, study materials, food or liquids, cellular telephones, beepers, watches, or clocks, or similar time keeping devices with audible alarms, calculators, computers, or other electronic devices in the examination room without the prior written approval of the board.

**4-51.2 Receipt of Unauthorized Aid.** Applicants must not use answers or information from other applicants or any other sources while taking the examination.

**4-51.3 Observance of Examination Start/Stop Announcements.** Applicants must not read questions on the examination prior to the announcement to begin the examination and must not continue to answer any questions, continue to type, or otherwise utilize a writing utensil in any manner after the announcement to stop because the session has ended.

**4-62.1 Impoundment of Examination Results.** Results of the General Bar Examination will be impounded by the court if the applicant fails to pay the full balance of any application or examination late filing fee, if it appears the applicant has taken the General Bar Examination prior to satisfying the requirements for graduation from law school, or if the applicant is suspected of a violation of the examination administration rules of conduct.

**4-62.2 Release of Impounded Examination Results.** On submission of documentation that establishes that the applicant has paid all application and late fees, is determined to have satisfied the requirements for graduation from law school prior to taking the General Bar Examination, is determined not to have violated examination administration rules of conduct, and on payment of a $100 impoundment fee, the board will request the court to release the impounded grades.